IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 92-20184-02-B(Tu) |
| | ◊ | |
| MICHAEL RAY BENSON, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)

On July 29, 2005, defendant Michael Ray Benson, Bureau of Prisons inmate registration number 11370-076, an inmate at the Federal Correctional Institution-Medium in Forrest City, Arkansas, filed an irregular motion in his closed criminal case, entitled "Motion Pursuant to Federal Rules for Civil Procedure 60(b)(6)."

On June 9, 1992, a federal grand jury returned a single-count indictment charging Benson and a codefendant, aided and abetted by each other, with possessing approximately 101 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The case proceeded to trial on August 10, 1992 and, on August 11, 1992, the jury returned a guilty verdict. District Judge Jerome Turner conducted a sentencing hearing on October 30, 1992, at which time Benson was sentenced as a career offender to two hundred ninety-five (295) months imprisonment, to be followed by a six-year period of supervised

release. Judgment was entered on December 28, 1992. The United States Court of Appeals for the Sixth Circuit affirmed the defendant's conviction and sentence. United States v. Benson, No. 93-5493, 1994 WL 188504 (6th Cir. May 12, 1994), cert. denied, 513 U.S. 1060 (1994).

Benson subsequently filed a motion seeking a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), on the basis of Amendment 506 to the United States Sentencing Guidelines. Judge Turner denied relief in an order issued on November 22, 1995, holding that Amendment 506 exceeded the sentencing commission's statutory authority and was, therefore, invalid. United States v. Benson, 917 F. Supp. 543 (W.D. Tenn. 1995). Benson did not appeal.

Benson filed a motion pursuant to 28 U.S.C. § 2255 on March 31, 1997, and Judge Turner denied the motion without a hearing, and denied a certificate of appealability, on May 27, 1997. Benson v. United States, No. 97-2267-Tu/V (W.D. Tenn.). Judgment was entered on June 6, 1997. Benson filed a notice of appeal, and the Sixth Circuit denied a certificate of appealability. Benson v. United States, No. 97-5792 (6th Cir. Dec. 9, 1997).

On August 7, 2001, Benson filed a petition pursuant to 28 U.S.C. § 2241, despite the fact that he was not incarcerated in this district and, therefore, there was no personal jurisdiction over his custodian. District Judge Bernice B. Donald issued an

2

order on September 19, 2001 denying the petition and certifying that an appeal would not be taken in good faith. <u>Benson v. Warden, FCI-Manchester</u>, No. 01-2627-D/A (W.D. Tenn.). Benson did not appeal.

On January 26, 2005, Benson filed another motion pursuant to 28 U.S.C. § 2255, <u>Benson v. United States</u>, NO. 05-2068-Ma/P (W.D. Tenn.), which is pending.

In the instant motion, Benson argues that the district court lacked subject-matter jurisdiction to sentence him as a career offender because the Government's filing of its notice of intent to rely on prior convictions, pursuant to 18 U.S.C. § 851(a)(1), was untimely. Benson also argues that the evidence documenting certain of his prior convictions was insufficient in light of <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005).

The first matter to consider is whether this Court has the authority to grant the relief sought by the defendant. Rule 60(b)(6) of the Federal Rules of Civil Procedure, on which Benson relies, is not applicable to criminal cases. <u>See</u> Fed. R. Civ. P. 1; <u>see also</u> <u>United States v. Campbell</u>, 96 Fed. Appx. 966, 968 (6th Cir. Apr. 28, 2004) ("the Federal Rules of Civil Procedure do not apply to criminal proceedings"); <u>United States v. Diaz</u>, 79 Fed. Appx. 151, 152 (6th Cir. Oct. 24, 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.");

3

United States v. Callan, 72 Fed. Appx. 349, 350 (6th Cir. Aug. 4, 2003); United States v. Damon, 59 Fed. Appx. 619, 621 (6th Cir. Jan. 16, 2003); United States v. Charles, 37 Fed. Appx. 758, 758-59 (6th Cir. June 17, 2002); United States v. Worthy, Nos. 97-3377, 97-3687, 1998 WL 136208, at *1 (6th Cir. Mar. 18, 1998). Accordingly, the motion does not cite any basis for federal jurisdiction over this motion.

In order to avoid the filing of repetitive and meritless motions, the Court will briefly address the merits. Subject-matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case. United States v. Cotton, 535 U.S. 625, 630 (2002). Federal courts have subject-matter jurisdiction over prosecutions alleging violations of the federal criminal laws. 18 U.S.C. § 3231. Benson has cited no authority for the proposition that an untimely notice, pursuant to 18 U.S.C. § 851(a)(1), affects a district court's subject-matter jurisdiction. Although the Sixth Circuit has not had occasion to consider the issue, most courts hold that the Government's compliance with § 851 does not alter a district court's subject-matter jurisdiction. See, e.g., Sapia v. United States, No. 03-2087, 2005 WL 3540098, at *3-*4 (2d Cir. Dec. 30, 2005) (to be published in the Federal Reporter) ("[A] majority of courts of appeal have now adopted the view that § 851 does not implicate a court's subject-matter jurisdiction; it simply constitutes a condition precedent to a court's authority to impose

a statutorily enhanced sentence. . . . We agree with the prevailing view, well supported by the reasoning in the above decisions, that § 851 is not 'jurisdictional.'") (citations omitted); United States v. Ceballos, 302 F.3d 679, 690-92 (7th Cir. 2002) (rejecting prior Seventh Circuit precedent stating that § 851 is jurisdictional); United States v. Mooring, 287 F.3d 725, 727-28 (8th Cir. 2002); United States v. Dodson, 288 F.3d 153, 160 n. 9 (5th Cir. 2002); Prou v. United States, 199 F.3d 37, 44-46 (1st Cir. 1999). The Court finds the reasoning of these decisions to be persuasive in light of the Supreme Court's decision in Cotton. Accordingly, Benson's challenge to the allegedly late notification pursuant to § 851(a)(1) is waived by his failure to raise it on direct appeal. Cf. Shaffer v. United States, No. 93-6037, 1994 WL 163670, at *2 (6th Cir. May 2, 1994) (claim that government failed to give notice pursuant to 21 U.S.C. § 851 barred by procedural default when raised in § 2255 motion because it "could have been raised on direct appeal but was not").

Finally, because Benson's sentence was enhanced pursuant to the career offender provisions of the sentencing guidelines contained in U.S.S.G. § 4B1.1, 21 U.S.C. § 851 is inapplicable here. United States v. Myers, 952 F.2d 914, 917-19 (6th Cir. 1992); see also United States v. Layne, 192 F.3d 556, 575 & n.7 (6th Cir. 1999).

For all the foregoing reasons, the Court DENIES the defendant's motion pursuant to Fed. R. Civ. P. 60(b)(6).

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 31st day of January, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE